```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
IN RE:                       )  NO: 18-42672-399
                             )  CHAPTER 13
Dora Middleton,              )
                             )
                             )  Response Due: 11/28/18
     DEBTOR.                 )  Hearing Date: 12/5/18
                             )  Hearing Time: 9:00 a.m.
                             )  Location: Courtroom 5 North
```

TRUSTEE'S MOTION TO COMPEL DEBTOR TO AMEND THE CONFIRMED CHAPTER 13 PLAN TO ADDRESS PRE-PETITION, UNLIQUIDATED CLAIMS AND CHAPTER 7 LIQUIDATION TEST OF 11 U.S.C. 1525(a)(4) IN PLAN PARAGRAPH 5.1

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE:** The Trustee's motion herein has been set for a hearing before the Honorable Barry S. Schermer, United States Bankruptcy Judge, in the United States Bankruptcy Court, Thomas F. Eagleton Courthouse, 111 South 10th Street, 5th Floor, North Courtroom, St. Louis, MO, on the 5th day of December, 2018, at 9:00 a.m., or as soon thereafter as the parties can be heard on the matter.

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY  11/28/18 . YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

    Comes now Diana S. Daugherty, Standing Chapter 13 Trustee, and states to the Court as follows:

1. Debtor filed her chapter 13 petition on 4/24/18.

2. Debtor filed her bankruptcy schedules and chapter 13 plan on

5/1/18.

3. In her schedule A/B, Debtor lists a "work injury case" valued at $150,000.

4. No pre-petition claims other than the "work injury case" are listed in schedule A/B.

5. At the meeting of creditors held on 5/21/18, the undersigned was advised that the "work injury case" listed in schedule A/B is actually three workers compensation claims which arose during Debtor's employment with General Motors.

6. In schedule C, Debtor exempts the "work injury case" under the Missouri workers compensation exemption, RSMo. 287.260.

7. The undersigned recently discovered that Debtor has several pre-petition, unliquidated claims that are not claims for workers compensation and are not listed in her bankruptcy schedules. The unscheduled pre-petition claims are presently being prosecuted by Debtor in two separate lawsuits. The lawsuits and the pre-petition claims that comprise them are as follows:

a) **1811-CC00604: Dora Middleton v. General Motors, LLC, and Local Union Number 2250 UAW Building Corporation**. Count I of this suit is a common law wrongful termination claim. Count II of the suit is a claim for violation of the Missouri Whistleblower Protection Act. Count III of the suit is a claim for violation of civil rights under 42 U.S.C. 1981.

Count IV of the suit is a claim of discrimination in violation of RSMo. 287.780. Count V of the suit is a claim for violation of civil rights under 42 U.S.C. 2000(e).

b) **1811-CC00793: Dora Middleton and Constance Rutlin v. Client Services, Inc.** Count I of this suit is for a violation of the Missouri Human Rights Act. Count II.

8. The unliquidated claims set forth in paragraph 7 above arose prior to the commencement of Debtor's chapter 13 case. Consequently, the unliquidated claims are property of the bankruptcy estate pursuant to 11 U.S.C. 1306(a) and would have been property of the bankruptcy estate under 11 U.S.C. 541 had Debtor filed a chapter 7 case instead of a chapter 13 case.

9. Since the unliquidated claims would have been property of a chapter 7 bankruptcy estate, the claims must be accounted for in the plan in order for the plan to satisfy the chapter 7 liquidation test of 11 U.S.C. 1325(a)(4).

10. The Trustee submits that the confirmed plan must be amended to add the following language in paragraph 5.1 in order for the plan to satisfy 11 U.S.C. 1325(a)(4):

> Debtor shall report any proposed settlement or other liquidation of her pre-petition claims to the Trustee and Debtor shall not spend or otherwise dissipate any proceeds of her pre-petition claims without permission of the Bankruptcy Court. Upon the settlement or other liquidation of Debtor's pre-petition claims, the required guarantee to non-priority unsecured creditors

under 11 U.S.C. 1325(a)(4) shall be recalculated and the plan shall be amended to provide the recalculated guarantee.

WHEREFORE, the Trustee prays that the Bankruptcy Court enter an order directing Debtor to amend the confirmed chapter 13 plan to address pre-petition, unliquidated claims and chapter 7 liquidation test of 11 U.S.C. 1325(a)(4) in plan paragraph 5.1; and the Trustee prays for any other relief that the Bankruptcy Court deems necessary and just under the circumstances.

Respectfully Submitted,

/s/ Joseph M. Wilson
Diana S. Daugherty
Chapter 13 Trustee
Joseph M. Wilson
#123953 MO#51849
Attorney for Trustee
P.O. Box 430908
St. Louis, MO 63143
(314) 781-8100
(314) 781-8881 fax
E-Mail: trust33@ch13stl.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Trustee's Motion was filed electronically with the United States Bankruptcy Court on the _18th_ day of October, 2018, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

The undersigned hereby certifies that the above Trustee's Motion was filed electronically with the United States Bankruptcy Court and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below, on the _18th_ day of October, 2018:

Dora Middleton
1107 Spencer Rd.
St. Peters, MO 63376

                                        /s/ Joseph M. Wilson